UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF AWE
WATERSPORTS, LLC, as Owner of
the 2019, 10'7" SEA DOO GTI 130,
Personal Watercraft, bearing HIN
YDV42454L819 and Florida
Registration Number FL9462SM, in a
cause of exoneration from or limitation
of liability,

      Petitioner,

v.                                                    Case No.:  2:21-cv-259-SPC-MRM

POTENTIAL CLAIMANTS,

      Claimants.

_____/

**REPORT AND RECOMMENDATION**

      Before the Court is Petitioner's Motion for Entry of Final Default Judgment

Against Non-Responding Claimants, filed on February 4, 2022.  (Doc. 61).

Petitioner AWE Watersports, LLC, as owner of the 2019 10'7" Sea Doo GTI 130,

personal watercraft, bearing Hull Identification Number YDV47195B919 and

Florida registration number FL-9544SM, her engine, tackle, and appurtenances

(hereinafter referred to as the "Vessel"), requests that the Court enter final default

judgment against all non-appearing potential claimants.  (*Id.* at 3).  Because the

Undersigned finds that the required notice has been provided and the time for filing a

claim in this action has expired, the Undersigned respectfully recommends that Petitioner's motion be **GRANTED**.

## BACKGROUND

Petitioner filed this action on March 25, 2021, pursuant to Rule F, Supplemental Rules for Admiralty or Maritime Claims, to limit liability arising out of an incident involving the Vessel, alleged to have occurred on or about September 26, 2020.  (*See* Doc. 1).  On May 10, 2021, the Court entered a Monition that, *inter alia*, directed potential claimants to appear and respond to this action on or before July 6, 2021.  (Doc. 7 at 2).

In accordance with Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's May 10, 2021 Order, Petitioner caused the Notice of Monition to be published in the News-Press, a daily newspaper published at Fort Myers in Lee County, Florida, on May 27, 2021, and June 3, 10, 17, 2021.  (*See* Doc. 10-1).  Proof of the publication is attached to Petitioner's Notice of Filing Proof of Publication.  (*See* Doc. 10). Additionally, in accordance with Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's May 10, 2021 Order, Petitioner averred that it served a notice of this action to each person that Petitioner anticipated may bring a claim.  (Doc. 52 at 2).

Jessica Castillo as personal representative of the estate of M.R. filed a claim in this case and Aaron Ruffcorn filed an answer in response to Claimant Castillo's

claim.  (*See* Docs. 11, 17).  No other potential claimants to this action have filed answers or claims, or otherwise appeared in this action.

On January 20, 2022, Petitioner filed Petitioner's Motion for Entry of Clerk's Default Against Non-Responding Claimants.  (Doc. 52).  On January 21, 2022, this Court entered an Order granting Petitioner's Motion for Entry of Clerk's Default Against Non-Responding Claimants.  (Doc. 53).  This Court found that Petitioner complied with the notice requirements pursuant to Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's May 10, 2021 Order.  (*Id.* at 2).  The Court ordered Petitioner to file a Motion for Default Judgment against all persons and entities that have not filed a claim in this action no later than February 4, 2022.  (*Id.* at 3).  On January 21, 2022, the Clerk of Court entered a clerk's default against all potential claimants.  (Doc. 54).  On February 4, 2022, Petitioner filed the instant motion.  (Doc. 61).

Because Petitioner has complied with this Court's Orders, the applicable provisions of Supplemental Rule F, and Chapter Six of the Middle District of Florida Admiralty and Maritime Practice Manual, the Undersigned finds good cause to grant Petitioner's request.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 "sets out a two-step procedure for obtaining a final default judgment."  *In re Complaint of Wild Fla. Airboats, LLC*, No.: 6:16-cv-2207-Orl-31GJK, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citing Fed. R. Civ. P. 55).  First, when a party fails to plead or otherwise defend a judgment

for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). This Court has consistently applied the same two-step procedure in cases under the Limitation of Liability Act." *See Wild Fla. Airboats*, 2017 WL 3891777, at *2 (internal citation omitted). Supplemental Rule F(5) for Admiralty or Maritime Claims and Asset Forfeiture Actions provides:

> Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Supp. Rule F(5).

Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of

the notice to every person known to have made any claim
against the vessel or the plaintiff arising out of the voyage
or trip on which the claims sought to be limited arose.

Supp. Rule F(4).

Based on the foregoing rules, default judgment will be entered against any

potential claimant who has failed to respond to a notice of a complaint for

exoneration from or limitation of liability within the established notice period,

provided that the notice complies with the rules.  *See* Supp. Rule F(4); *see also In the*

*Matter of Reef Innovations, Inc.*, No. 6:11-cv-1703-Orl-31GJK, 2012 WL 195531, at *2

(M.D. Fla. Jan. 6, 2012), *report and recommendation adopted,* 2012 WL 177558 (M.D.

Fla. Jan. 23, 2012) (noting that a party seeking a default judgment on a exoneration

from or limitation of liability action must first publish a notice of the action in a

newspaper for four consecutive weeks).

## ANALYSIS

Here, the Undersigned finds that Petitioner has fulfilled the requirements

under the rules.  *See* Supp. Rule F(4).  The record shows that Petitioner provided

Claimant Jessica Castillo as personal representative of the estate of M.R. with notice

of this action and she filed an answer and claim.  (Doc. 11).  Additionally, Aaron

Ruffcorn filed an answer in response to Claimant Castillo's claim.  (Docs. 17).  No

other potential claimants to this action have filed answers or claims, or otherwise

appeared in this action.  Petitioners have also otherwise complied with the rules by

publishing the court-approved notice once a week for over four consecutive weeks.

(*See* Doc. 10-1).

The Court approved notice states that the deadline for filing a claim and answer was July 6, 2021, and that the failure to file a claim would result in being defaulted.  (*See* Docs. 6, 7, 10, 10-1).  The July 6, 2021 deadline has passed, and only Jessica Castillo as personal representative of the estate of M.R. has filed a claim in this action.  (*See* Doc. 11).

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.     Petitioner's Motion for Entry of Final Default Judgment Against Non-Responding Claimants (Doc. 61) be **GRANTED**; and

2.     Default Judgment be entered against all persons and entities that have not filed a claim in this action by the July 6, 2021 deadline.

**RESPECTFULLY RECOMMENDED** in Fort Myers, Florida on February 8, 2022.

Mac R. McCoy
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and

Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).

A party's failure to file written objections waives that party's right to challenge on

appeal any unobjected-to factual finding or legal conclusion the district judge adopts

from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to

respond to an objection may do so in writing fourteen days from the date the party is

served a copy of the objection.  To expedite resolution, the parties may also file a

joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties