UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF: THE
COMPLAINT OF AWE
WATERSPORTS, LLC, AS
OWNER OF THE 2019,
10'7&QUOT; SEA DOO,
PERSONAL WATERCRAFT,
BEARING HULL
IDENTIFICATION NUMBER
YDV47195B919 AND
REGISTRATION NUMBER FL9,

     Petitioner,

v.                                        Case No.:   2:21-cv-259-SPC-MRM

POTENTIAL CLAIMANTS,

     Defendants.

                                    /

## OPINION AND ORDER[1]

Before the Court is Petitioner AWE Watersports, LLC's Motion to Dismiss Claimant's Amended Complaint (Doc. 62), along with Claimant Jessica Castillo's Response in Opposition (Doc. 71). For the following reasons, the Court denies the Motion.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND[2]

After a boating accident in which M.R., a minor child, perished, AWE petitioned the Court to limit its liability for the accident under the Exoneration and Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*. Castillo filed a claim in her individual capacity and as personal representative of M.R.'s estate. Her Amended Complaint (Doc. 51) alleges twenty-one counts; among them is Count XX, which alleges breach of a third-party beneficiary contract against AWE and Third-Party Defendant The Hyatt Corporation and HST HRCP LLC (collectively "Hyatt"). AWE moves to dismiss Count XX.

## LEGAL STANDARD

Together, Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A defendant can attack a complaint for not stating a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6)

---

[2] The Court recounts the factual background as pled in the Amended Complaint, which it must take as true to decide whether the Amended Complaint states a plausible claim. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198–99 (11th Cir. 2012).

motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

Count XX specifically alleges that: (1) AWE and Hyatt entered a contract to which Castillo was not a party; (2) the contract's various obligations intended primarily and directly to benefit Hyatt's hotel guests; (3) Hyatt's hotel guests comprise a well-defined class of readily identifiable persons; and (4) Castillo and M.R. were members of that well-defined class. (Doc. 51 ¶¶ 252, 253).

Next, Count XX alleges the contract imposed various insurance, safety, and service obligations upon AWE, including: (1) full compliance with all laws, rules, regulations, and ordinances that govern or regulate AWE's services

benefiting the hotel guests; and (2) acquiring, carrying, and maintaining at least $2 million in general liability insurance against injuries to hotel guests. (Doc. 51 ¶¶ 254, 255).

Count XX then alleges that Hyatt failed to ensure AWE complied with the contract and that AWE breached the contract in several ways, including: (1) failing to comply with Florida's statutes governing liveries, Fla. Stat. § 327.54, and personal watercraft safety, Fla. Stat. § 327.39; (2) failing to satisfy Florida Administrative Code Rule 68D-36.107, which governs minimum training requirements for personal watercraft rentals; and (3) failing to acquire, carry, and maintain $2 million in comprehensive general liability insurance. (Doc. 51 ¶¶ 256, 257).

Finally, Count XX alleges M.R. was seriously injured and died as a direct and proximate result of these breaches. (Doc. 51 ¶ 258). It then outlines the damages suffered by M.R. and her family. (Doc. 51 ¶ 259).

In its Motion, AWE focuses on Castillo's allegations about insurance coverage and urges the Court to dismiss Count XX because Castillo has not established a condition precedent: obtaining a judgment against AWE and being unable to collect.[3] (Doc. 62 at 5). AWE attempts to force a square peg into a round hole.

---

[3] AWE does not meaningfully contest the issue of M.R.'s third-party status vis-à-vis the contract, so this issue is not before the Court.

4

Nearly half of AWE's six-page motion is quoted directly from Castillo's complaint. (Doc. 62 at 2-4). AWE's single paragraph of analysis provides the Court with only a string cite of distinguishable cases.[4] (Doc. 62 at 5-6). Without controlling—or even applicable—caselaw, the Court is disinclined to engage AWE's theoretical argument.

To the extent further discussion is warranted, the Court notes Count XX alleges AWE breached contractual obligations beyond acquiring, carrying, and maintaining adequate insurance coverage. (Doc. 51 ¶¶ 254, 256). Furthermore, satisfaction of conditions precedent may be alleged generally, Fed. R. Civ. P. 9(c), and the Amended Complaint makes just such an allegation. (Doc. 51 ¶ 19).

Accordingly, it is now

**ORDERED**:

Petitioner's Motion to Dismiss Claimant's Amended Complaint (Doc. 62) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on March 14, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[4] AWE acknowledges as much. (Doc. 62 at 6 n.2).