UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF: THE
COMPLAINT OF AWE
WATERSPORTS, LLC, AS
OWNER OF THE 2019,
10'7&QUOT; SEA DOO,
PERSONAL WATERCRAFT,
BEARING HULL
IDENTIFICATION NUMBER
YDV47195B919 AND
REGISTRATION NUMBER FL9,

      Petitioner,

v.                                                Case No.:   2:21-cv-259-SPC-MRM

POTENTIAL CLAIMANTS,

      Defendant.

_____/

**OPINION AND ORDER**[1]

      Before the Court is Claimant Jessica Castillo's Motion to Stay Limitation

Action and Lift the Injunction Against State Court Action (Doc. 66), along with

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Petitioner AWE Watersports, LLC's Response in Opposition (Doc. 73).² The Court grants the Motion.

## BACKGROUND

After a boating accident in which M.R., a minor child, perished, AWE petitioned the Court to limit its liability for the accident under the Exoneration and Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (Doc. 1). Castillo filed a claim in her individual capacity and as personal representative of M.R.'s estate. (Doc. 51). Magistrate Judge McCoy entered an order approving the Ad Interim Stipulation of Value and staying and enjoining prosecution of any other action against AWE that concern the subject of this action. (Doc. 6).

Castillo has now moved the Court to stay the limitation action and lift the injunction to pursue relief in state court. (Doc. 66).

## LEGAL STANDARD

Along with codifying federal courts' exclusive original jurisdiction over admiralty and maritime cases, 28 U.S.C. § 1333 also gives suitors the right to their choice of remedies. So there is tension between the saving to suitors clause and the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501 *et seq.*, which protects a vessel owner's "absolute right to claim the Act's liability

---

² When Castillo filed this motion, both Third-Party Defendant Aaron Ruffcorn and Petitioner AWE opposed it. (Doc. 72; Doc. 73). But during the motion's pendency, the claims by and against Ruffcorn have been dismissed with prejudice. (Doc. 95; Doc. 99). So the Court will address only those arguments presented by Castillo and AWE.

cap, and to reserve the adjudication of that right in the federal forum." *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) (cleaned up). There is no right to a jury trial in limitation proceedings (or any other admiralty action), but under the saving to suitors clause there is a presumption in favor of jury trials and common law remedies in the claimant's chosen forum. *See id.* at 1037.

To resolve this tension, courts recognize three circumstances in which damage claimants may try liability and damage issues in their chosen forum. *Id.* Only the second situation is at issue: the vessel owner confronts just one claimant who files stipulations that protect the vessel owner's right to have the admiralty court adjudicate its claim to limited liability. *Id.*

Under the single claimant exception, "the claimant must waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding." *Id.* (cleaned up). In practice then, if a vessel owner is found liable for the accident and faces damages that exceed the limitation fund, the parties must return to federal court to determine issues of privity and knowledge. *Id.* at 1038. And if limitation is denied—because the vessel owner fails to establish a lack of privity or knowledge—the claimant may enforce its judgment for damages, even if it exceeds the limitation fund. *Id.*

## DISCUSSION

Castillo moves the Court to stay the limitation action and lift the injunction to permit her to proceed against AWE in state court. (Doc. 66 at 6). In support of her motion, Castillo stipulates:

> 1. That the Petitioner, AWE WATERSPORTS LLC., . . . [has] the right to litigate the issue of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. §30501 *et. seq.*, in this Court, and this Court has exclusive jurisdiction to determine those issues.
>
> 2. That the Petitioner . . . has the right to have this Court determine the value of the vessels identified in its petition immediately following the incident at issue, and this Court has exclusive jurisdiction to determine that issue.[3]
>
> 3. That the Respondent/Claimant will not seek a determination of the issues set forth in paragraphs (1) and (2) above in any other court, and consents to wa[i]ve any res judicata or issue preclusion effect which the decisions, rulings, or judgments of any other court might have on those issues.
>
> 4. The Respondent/Claimant will not seek to enforce any judgments rendered in any other court, whether against the Petitioner . . . or any other person or entity that would be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petitioner . . . to liability in excess of $7,760.00 (or such amount as this Court ultimately determines is the value of the vessels

---

[3] Castillo maintains that AWE's Ad Interim Stipulation for Value is not accurate and must be increased under the Flotilla Doctrine. *See Complaint of Patton Tully Transp. Co.,* 715 F.2d 219, 222 (5th Cir. 1993) (Owner's liability "may be increased to include his interest in the value of all vessels engaged in a common enterprise or venture with the vessel aboard which the loss or injury was sustained."). But the Court need not resolve this issue now.

involved) until such time as this Court has adjudicated
the Petitioner's right to limit that liability.

(Doc. 66 at 5–6).

AWE argued that Castillo's motion should be denied, first, because there were claims against other co-Defendants, and there could be additional claims against AWE. (Doc. 73 at 4–5). Second, AWE argued that Castillo waived any right to proceed in state court by filing a third-party complaint in admiralty against Ruffcorn. (Doc. 73 at 6).

But both of AWE's arguments have been rendered moot by events that occurred while this motion was pending. First, the Court entered final default judgment against all non-responding claimants (Doc. 74; Doc. 75). Second, the claims between all the other parties have been resolved, leaving only Castillo's claim against AWE. (Hyatt Corporation and HST HRCP LLC: Doc. 88 and Doc. 89; Jorge Castillo: Doc. 93 and Doc. 95; Ruffcorn: Doc. 94 and Doc. 99).

This leaves Castillo as the only claimant, and her claim against AWE as the only remaining cause. With this in mind—and noting that AWE has not objected to the content of Castillo's stipulations—the Court will turn to the substance of Castillo's motion.

The Eleventh Circuit has explained that such stipulations "must fully protect the vessel owner's rights under the Limitation Act." *Beiswenger, 86 F.3d at 1044*. Castillo stipulates to AWE's "right to litigate the issue of whether

5

it is entitled to limit its liability under the provisions of the Limitation of Liability Act . . . in this Court, and this Court has exclusive jurisdiction to determine those issues." (Doc. 66 at 5). Castillo also stipulates she "will not seek to enforce any judgments rendered in any other court, whether against [AWE] . . . or any other person or entity that would be entitled to seek indemnity or contribution from [AWE] . . . until such time as this Court has adjudicated [AWE's] right to limit [its] liability. (Doc. 66 at 6).

The Court concludes these stipulations will protect AWE's right to litigate its claim to limited liability exclusively in admiralty court. Castillo has agreed to waive any res judicata and issue preclusion defenses that might affect the limitation issues and allow AWE to assert its right to exoneration from or limitation of liability in this Court. Likewise, as to AWE's argument over attorney's fees, the stipulations protect it from multiple claims. *See Holiday Water Sports Ft. Myers Beach, Inc.*, No. 2:18-cv-663-JLB-NPM, 2021 WL 534468, at *3-4 (M.D. Fla. Feb. 12, 2021). The Court will therefore stay the limitation action and lift the injunction to permit Castillo to proceed in state court.

Accordingly, it is now

**ORDERED:**

1. Claimant Jessica Castillo's Motion to Stay Limitation Action and Lift the Injunction Against State Court Action (Doc. 66) is **GRANTED.**

6

2. This Court adopts and approves the Claimant's Stipulations (Doc. 66 at 5–6) and incorporates them by reference in this Order.

3. This case is **STAYED** pending resolution of the state-court action.

4. The parties must **FILE** a joint status report on the progress of the state-court action **on January 12, 2023**, and **every six (6) months after**.

5. Within **seven (7) days** of the state-court action resolving, the parties must **FILE** a notice saying as much and indicating whether further proceedings are necessary here.

6. The Clerk is **DIRECTED** to **ADD** a stay flag on the docket.

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7